**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

MICHAELS STORES, INC.,
d/b/a Michaels on Flagler,
and FLAGLER S.C., LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Michaels Stores, Inc. d/b/a Michaels on Flagler and Defendant Flagler, S.C., LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to assure that public accommodations like Defendant are in compliance with the ADA and ADAAG.

5. Defendant Michaels Stores, Inc. (also referenced as "Defendant Michaels Stores," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. Michaels Stores, Inc. is a privately-held chain of arts and crafts stores.

6. Defendant Flagler, S.C., LLC (also referenced as "Defendant Flagler," "lessor," "owner," or "co-Defendant") is the owner of real property located at 8221 West Flagler Street, Miami, Florida 33144, which is also referenced as Folio 30-4003-035-0050. Defendant Flagler's real property is built out as a community shopping center. Defendant Flagler leases its mixed-use community shopping center (in part) to public accommodations including (but not limited to) Outback restaurant, U-Fit Health Club, Walgreens Pharmacy, Publix Supermarket, PetSmart (and Banfield Pet Hospital), and a hair salon. Defendant Flagler also leases a portion of its mixed-use commercial center co-Defendant Michaels Stores who in turn operates its "Michaels" brand arts and crafts retail store (which is the subject of this instant action) at that location.

## FACTS

7. Michaels Stores, Inc. is an American retail store chain that operates 1,252 arts and crafts stores across the United States and Canada under the Michaels brand. Michaels brand stores make up one of North America's largest provider of arts, crafts, framing, floral and wall

décor, and merchandise for makers and do-it-yourself home decorators. All Michaels stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The Michaels store located at 8267 West Flagler Street (which is within the 8221 West Flagler Street community shopping center) which is the subject of this complaint is also referenced as "Michaels (arts and crafts) store," "Michaels on Flagler," "(retail) store," or "place of public accommodation."

8. As the operator of arts and crafts retail stores which are open to the public, Defendant Michaels Stores is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the Michaels on Flagler, on September 2, 2021 Plaintiff went to the store to shop for home decor.

10. On entering the Michaels on Flagler, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he uses a wheelchair for mobility.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the arts and crafts store (Defendant Michaels Stores) and by the owner/lessor of the commercial property which houses that arts and crafts store (Defendant Flagler).

12. Defendant Michaels Stores is well aware of the ADA and the need to provide for equal access in all areas of its arts and crafts stores. Therefore, Defendant Michaels Stores' failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its

Michaels store on Flagler is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of a community shopping center which is operated as various places of public accommodation including as retail stores open to the public, Defendant Flagler is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). As an investor and owner of commercial property being used as a public accommodation, Defendant Flagler is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public, including the Michaels arts and crafts store located therein. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize and/or test the Michaels on Flagler, but continues to be injured in that he continues to suffer discrimination due to the barriers to access within that place of public accommodation.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Michaels arts and crafts store on Flagler, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access when he went to the restroom within the store. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant Michaels Stores (operator of the Michaels on Flagler) and Defendant Flagler (owner of the community shopping center housing that Michaels store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Michaels arts and crafts store, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Michaels on Flagler.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Flagler and which houses the Michaels arts and crafts store on Flagler is in violation of 42 U.S.C. §12181 *et seq.,* the ADA, and 28 C.F.R. §36.302 *et seq.* As such, both the owner of the commercial property and the lessee/operator of the Michael arts and crafts store are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Michaels Stores, there is a lack of signage indicating accessibility at the restrooms, which is in in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Section 216.6 and Section 703 of the 2010 ADA Standards for Accessible Design.

   ii. As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the lavatory without assistance, as the pull strength needed to open the door was too great since Plaintiff uses

        a wheelchair. Failure to provide accessible entry to the public restroom due to the excessive weight of the door at the restroom entrance is in violation of 28 C.F.R. Part 36, Section 4.13.11(b); 2010 ADA Standards for Accessible Design, which states that the door opening force for interior hinged doors shall not exceed 5 lbf (22.2N). The door represents an insurmountable barrier to independent entry to the restroom by the Plaintiff and other individuals who use wheelchairs.

iii.   As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the men's restroom due to difficulty in opening the door, as the lavatory encroaches over the required maneuvering clearance on the pull side of the door. This is a violation of Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards for Accessible Design.

iv.   As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the lavatory stall door without assistance, as the bathroom toilet compartment stall door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

v.   As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty locking the stall door, as the locking hardware is non-compliant. Failure to provide door hardware which is accessible to the disabled is a violation of the ADAAG and the 2010 ADA Standards for

    Accessible Design. Handles, pulls, and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R., Part 36 Section 4.13.9, and Section 4.27.4 requires controls and operating mechanisms to be operable with one hand and not require tight grasping, pinching, or twisting of the wrist, with force required to activate no greater than 5 lbs.  Section 404.2.7 of the 2010 ADA Standards for Accessible Design states that door hardware must be operable with a closed fist or a loose grip and Section 309.4 states that operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds.

vi. As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided (the stall is simply too narrow). This is a violation of Sections 4.13.6 and 4.17.3 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear.  Section 4.17.3 states that the arrangement of the stall must comply with specification supplied in Figures within this Section, which the instant toilet compartment does not comply. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.  This is also a violation of Section 604.8.1.1 which states that wheelchair accessible compartments must be 60" wide and 56" deep for wall hung water closets and 59" deep for floor mounted water closets.

vii. As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, the bathroom toilet compartment has no rear wall grab bar.  The lack of a rear wall grab bar is in violation of the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and is in violation Sections 604.5.2 and 609 of the 2010 ADA Standards For Accessible Design.  These sections state that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

viii. As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design.  Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)).  However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

ix. As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser

      without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

x. As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the door to the bathroom stall to exit, as the design and installation of the bathroom and the stall door does not provide for the required distance for Plaintiff to maneuver with his wheelchair. The inside stall space encroaches over the required maneuvering clearance on the pull side of the door. This is a violation of section 4.13.6 of the ADAAG, Section 404.2.4 of the 2010 ADA Standards for Accessible Design and Section 28 CFR 36.211.

xi. As to Defendant Michaels Stores (lessee/operator) and Defendant Flagler (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink outside the stall which does not have fully wrapped bottom sink pipes, hence, there is a lack of proper insulation protecting users of that sink against the

plumbing pipes under the sink and/or countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

26. Pursuant to 42 U.S.C. §12101 *et seq.*, and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a Michaels arts and crafts store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the retail store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Flagler, S.C., LLC (owner of the commercial property housing the Michaels arts and crafts store) and Defendant Michaels Stores, Inc. (operator of the Michaels arts and crafts store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the commercial property and the Michaels arts and crafts store located therein such that it becomes

accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 18th day of October, 2021.

>Respectfully submitted,
>
>*/s/ J. Courtney Cunningham*
>J. Courtney Cunningham, Esq.
>J. COURTNEY CUNNINGHAM, PLLC
>FBN: 628166
>8950 SW 74th Court, Suite 2201
>Miami, Florida 33156
>Telephone:  305-351-2014
>Email: cc@cunninghampllc.com
>*Counsel for Plaintiff*